*350 Bill states that complainant and defendant became jointpurchasers in 1785, of a lot of land in Meeting-street, from Mrs. Taggart, for 30i. cash, and 3200Í. payable in indents. That it was agreed one of them should settle- for the purchase, and give bond. That the titles were made to the complainant, and lie gave his bond. He paid taxes and all other expenses, and charged defendant with half as per agreement. In 1788, defendant afterwards proposed, that one of them should take the whole purchase, and give the other 20 guineas for his bargain. This was agreed to, and defendant w as to be the purchaser, and *351 was to pay the whole debt to the commissioners of the treasury, and cancel .complainant’s bond to Mrs. Taggart. Complainant made and executed the title deeds, and he and defendant settled their accounts, and complainant charged defendant with the 20 guineas and taxes, and delivered the deeds; and defendant repeated his promises to pay the debt, and cancel complainant’s bond. Mrs. Taggart demanded payment of defendant to no effect, though he made promises of payment to her, particularly by letter, of the month of January, in the year 1789 or 1790. That defendant afterwards setup a pretence of a deficiency in the lot of 8 or 10 feet in depth; and refusing taking up the bond, the complainant was exposed to the demand. The bill prays relief, &c. &c. The defendant answering, admits ho was jointly concerned in the purchase, and the arrangements were made as stated in the bill. He admits he agreed to take the bargain off complainant’s hands, understanding that the quantity of land was as described in the deed and plat; but that on a resurvey, there was a deficiency of 12 feet in depth, and as there was no agreement in writing, lie pleads the statute of frauds; but he says, if the laud had been found equal in quantity to the description in the deeds, he should have held himself bound in honor, though no writings had passed, and though in fact the lots had fallen in value.
MARCH, 1794.
At the hearing of the case Mr. Waring gave evidence, that the lot was sold by plat, 361 feet front, and 188 feet in depth; that the defendant Brailsford, called on him some years after the sale, and requested a sight of the plat, as he imagined there was a deficiency in the land.
Mrs. Taggart testified, that Brailsford never mentioned any thing of a deficiency till three years after he had possession of the lot. Defendant said he had the indents, and would( settle the debt.
Mr. Campbell testified, that he was present at the settlement between complainant and defendant, when the latter seemed perfectly satisfied. In July 1790, the defendant told witness (acting as the attorney of Mr. Smith) that 1m,'. had indents, and would settle the mattfTo
*352 Mr. T. R. Smith, and Mr. E. Rutledge contended, that the plea of the statute of frauds could be of no avail to the defendant, because he had taken and kept possession ^and *n pursuance of the agreement, and because his answer acknowledged the agreement. Powell, 148, 292, 9, 308. 2 Vern. 412. As joint tenant the defendant could have known whether there was a deficiency; but he did not set up the pretence of a deficiency for several years after he had possession, and only when the value of the property had fallen materially.
C. C. Pinckney agreed, that if the defendant admits inhis answer the parol agreement, as staled in the bill, then it is binding, for he thus renders it an agreement in writing. 1 P. Wms. 770, Hawkins vs. Holmes, which is alcadingcr.se. Ambler’s Rep. 586, Gunter vs. O’Halsey. But the terms of the agreement must be proved, even when pari executed. 6 Bro. P. C. 45. Powell 231, 291. As a joint tenant, Brailsford had a right to let Stevens make use of the land. 2. Bro. C. C. 559.
The court directed an issue to ascertain, if there was any and what deficiency in the lot. That issue has been tried, and the common law judge who tried it, has certified that the jury have found that there is no deficiency. There being therefore no deficiency, and defendant having admitted in his answer that he was bound in honor, if there was no deficiency, “ the court has no difficulty in decreeing the agreement to be specifically executed for the defendant, by his answer which he signed; having acknowledged the agreement, the court considers it such an assent in writing, as overrules his pica of the statute of frauds.” Decree that the defendant should accept complainant’s titles to the property in question, and pay off the debt of complainant on his bond to Mrs. Taggart; and meanwhile give complainant his bond and security to indemnify him. The defendant to pay costs.
*353 Chancellor Hutson having died in the winter of 1793, James Green Hunt was elected in his room, at the session of the legislature in May, 1794.